UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ANTHONY EDWARDS**, <br><br> Petitioner, <br><br> v. <br><br> **UNITED STATES OF AMERICA**, <br><br> Respondent. | 2:17-CR-20338-TGB-RSW-1 <br><br> HON. TERRENCE G. BERG <br><br> **ORDER DENYING PETITION FOR RELIEF UNDER 28 U.S.C. § 2255 (ECF NO. 54)** |

Petitioner Anthony Edwards pled guilty to charges of Felon in Possession of a Firearm; Possession with Intent to Distribute Controlled Substance; and Possession of a Firearm in Furtherance of Drug Trafficking. This Court sentenced Petitioner to a term of months of 104 months of imprisonment followed by 60 months of supervised release. Petitioner now moves the Court to vacate or modify his sentence under 28 U.S.C. § 2255 on the basis that his trial counsel was ineffective for failing to challenge the calculation of the base offense level and the application of the career-offender enhancement. For the reasons set forth below, Petitioner's motion is **DENIED**.

I.   BACKGROUND

On May 18, 2017, a four-count indictment was filed charging Petitioner with Felon in Possession of a Firearm (18 U.S.C. § 922(g)(1)); Felon in Possession of Ammunition (18 U.S.C. § 922(g)(1)); Possession

with Intent to Distribute Controlled Substance (Marijuana) (21 U.S.C. § 841(a)(1)); and Possession of Firearm(s) in Furtherance of Drug Trafficking Crime (18 U.S.C. § 924(c)). ECF No. 16, PageID.34-36. On July 24, 2018, a guilty plea was entered to Counts 1, 3, and 4 of the indictment. ECF No. 38, PageID.220. In the plea agreement, the parties agreed that Petitioner qualified as a career offender and was subject to career offender enhancement based on his previous convictions. ECF No. 38, PageID.224. The anticipated guidelines outlined in the plea agreement were 262 to 327 months. ECF No. 38, PageID.223.

The final Pre-Sentence Report ("PSR") calculated Petitioner's base offense level as twenty-four under § 2K2.1(a) because "defendant committed the instant offense subsequent to sustaining at least two felony convictions for controlled substance offenses." The PSR then added six levels for specific offense characteristics: two levels pursuant to § 2K2.1(b)(4)(A) and four levels pursuant to § 2K2.1(b)(6)(B). Additionally, the PSR designated Petitioner as a "career offender," which brought the offense level to thirty-seven. Three levels were subtracted for acceptance of responsibility which brought the total offense level to thirty-four. The U.S. Probation Department determined Petitioner's guidelines to be the same as those outlined in the plea agreement, 262 to 327 months.

At sentencing the Court decided not to apply the career offender guideline because it concluded that it over-represented the seriousness of Petitioner's criminal history. ECF No. 59, PageID.354. Without the

career-offender enhancement, the Court determined Petitioner would have a total offense level of 27, the same Criminal History Category of VI, resulting in a guideline range of 130 to 162 months. ECF No. 59, PageID.354. The Court then varied below the recalculated guideline range and imposed a sentence of 104 months in prison followed by 60 months of supervised released. ECF No. 59, PageID.359.

On March 11, 2020, Petitioner filed a 28 U.S.C. § 2255 motion. Petitioner contends that the Sixth Circuit's decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc) prevents him from being considered a "career offender." Petitioner argues that his counsel was ineffective both for failing to challenge the career offender designation and the calculation of Petitioner's base offense level, which he says was erroneously increased because of prior convictions that no longer qualify as sentence-enhancing offenses after *Havis*.

## II.    LEGAL STANDARDS

An individual serving a sentence imposed by a federal court may challenge that sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excesses of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. As relief, the prisoner may ask the court which imposed the sentence to correct, vacate, or set it aside. The law is clear that "§ 2255 claims that do not assert a constitutional or

jurisdictional error are generally cognizable only if they involved 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotation marks and citation omitted)). This standard is met only in "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Hill v. United States*, 368 U.S. 424, 428 (1962) (internal citations omitted). Accordingly, not every alleged error of law can be raised on a § 2255 motion. *Davis*, 417 U.S. at 346.

Claims of ineffective assistance of counsel are reviewed under the two-part test outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). To demonstrate that counsel's assistance was "so defective as to require reversal of a conviction," a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." *Id.* at 687. A court's assessment of whether counsel's performance fell below prevailing norms must be "based on the standards and circumstances in place at the time of representation, rather than viewed with the benefit of hindsight." *Seaman v. Washington*, 506 F. App'x 349, 354 (6th Cir. 2012). Then, to establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. Where the ineffective assistance claim is

based on counsel's assistance at sentencing, to satisfy the prejudice prong the petitioner must establish "his sentence was increased by the deficient performance of his attorney." *Spencer v. Booker*, 254 F. App'x 520, 525 (6th Cir. 2007).

### III.    *UNITED STATES V. HAVIS*

Petitioner's motion relies on the Sixth Circuit's decision in *United States v. Havis*. In *Havis*, the defendant pled guilty to being a felon in possession of a firearm under U.S.C. § 922(g)(1). 927 F.3d at 383-84. According to the Guidelines, a person convicted under §922(g)(1) begins with a base offense level of fourteen, but that level increases if the defendant has a prior conviction for "a controlled substance offense." *Id.* at 384 (quoting USSG §§ 2K2.1(a)(4), (a)(6)). The district court increased the defendant's base offense level at sentencing because the defendant had a prior conviction under Tennessee law for selling and/or delivering cocaine. The defendant in *Havis* argued that the prior conviction was not a "controlled substance offense" because the Tennessee statute "encompassed the mere *attempt* to sell cocaine, and the Guidelines' definition of a 'controlled substance offense' does not include attempt crimes." *Id.* at 385, 387 (referencing USSG § 4B1.2(b)). The Government argued that the prior conviction was a "controlled substance offense" because the commentary in the Guidelines added attempt crimes to the list of offenses under §4B1.2(b). *Id.* at 386.

To evaluate whether the prior conviction qualifies as a "controlled

substance offense," the Sixth Circuit employed the "categorical approach." *Id.* at 384. Under the categorical approach, the Court looked to the "least of the acts criminalized" by the Tennessee statute—not the actual conduct leading to Havis's conviction. *See Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013). "'If the least culpable conduct falls within the Guidelines' definition of 'controlled substance offense,' then the statute categorically qualifies as a controlled substance offense. But if the least culpable conduct falls outside that definition, then the statute is too broad to qualify, and the district court erred by increasing Havis's offense level." *Id.* at 385.

After employing the categorical approach, the Sixth Circuit agreed with Havis's construction of §4B1.2(b). *Havis*, 927 F.3d at 385. Importantly, the Court noted that the parties agreed that the least culpable conduct covered by the statute at issue was "attempted delivery." *Id.* The Sixth Circuit went on to explain that the Guideline "expressly names the crimes that qualify as controlled substance offenses under § 2K2.1(a)(4); none are attempt crimes." *Id.* at 386. Accordingly, adding attempt crimes to the Guidelines definition of "controlled substance offenses," would go beyond interpreting the text. Because the agreed-upon least culpable conduct, an attempt crime, fell outside the Guidelines' definition of a "controlled substance offense," the conviction under such statute could not be used for purposes of the career-offender enhancement. Therefore, the Sixth Circuit determined the district court

erred in using the conviction under the Tennessee statute as a basis for increasing his offense level.

## IV. DISCUSSION

Petitioner relies on the Sixth Circuit's decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc), to argue that his prior convictions do not qualify as "controlled substance offenses." Specifically, Petitioner argues that the Michigan law he was convicted under, like the Tennessee statute at issue in *Havis*, prohibits "attempted delivery," which falls outside the Guidelines' definition of "controlled substance offense." Because these prior convictions were the basis for the enhancement of the base offense level and Petitioner's designation as a career offender, Petitioner argues counsel's failure to object constituted ineffective assistance of counsel.

The Court will first address the enhancement of the base level offense. The sentencing guideline for a violation of 18 U.S.C. § 922(g)(1) is located at §2K21(a)(2). Under Guideline § 2K2.1(a)(2), the base level offense is twenty-four when "the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." § 2K2.1(a)(2). The definition of "controlled substance offense" is found in §4B1.2(b) of the Guidelines:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance

(or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

§ 4B1.2(b). *See* § 2K2.1, cmt. n.1.

As discussed above, although the administrative commentary to §4B1.2(b) notes that a "controlled substance offense" includes "attempting to commit such offenses," in *Havis* the Sixth Circuit determined that the text of §4B1.2(b) did not include attempt crimes and the commentary went beyond interpreting the text. 927 F.3d at 386 ("The Commission's use of commentary to add attempt crimes to the definition of 'controlled substance offense' deserves no deference."). Therefore, attempt crimes do not qualify as controlled substance offenses since the text of the Guideline controls. *See United States v. McClain*, 810 F. App'x 404, 407 (6th Cir. 2020).

Petitioner admits that he has at least two prior convictions under M.C.L. § 333.7401 for "Controlled Substance Delivery/Manufacture" and "Controlled Substance Delivery Schedule 1, 2, 3, Oxycodone." ECF No. 54, PageID.314. However, in light of *Havis*, Petitioner claims these prior convictions do not qualify as "controlled substance offenses" because the least culpable conduct under the Michigan law is an attempt crime.

The Sixth Circuit recently addressed the impact of *Havis* on career offender enhancement for convictions under Michigan law in *United States v. Thomas*, 969 F.3d 583, 585 (6th Cir. 2020). In *Thomas*, the petitioner argued that his prior convictions under Michigan law, for

delivery of heroin and possession with intent to deliver marijuana, were not controlled substance offenses under §4B1.2 because Michigan " has defined delivery more broadly than federal law to include 'attempt crimes.'" *Id*. The Sixth Circuit disagreed.

The Sixth Circuit in *Thomas* explained that Michigan defines "delivery" in the same way federal law does and this definition does not include "attempted delivery"—only "attempted transfer." *Id*. (quoting Mich. Comp. Laws § 333.7105). The Court explained that "an attempted transfer qualifies as a completed delivery," which makes the definition here "different than the one in *Havis*, where the parties agreed that the statute in question—Tennessee's delivery statute—proscribed attempted delivery." *Id*. (referencing *Havis*, 927 F.3d at 385).[1] Because the Michigan statute did not encompass attempt crimes, the petitioner's prior convictions were properly considered "controlled substance offenses" for the purpose of career enhancement.

Here, just as in *Thomas*, Petitioner's prior convictions for delivering and manufacturing controlled substances qualify as "controlled substance offenses" under § 4B1.2. Petitioner has two prior convictions

---

[1] The Sixth Circuit also noted that "*Havis* did not hold that the parties' shared assumption was correct; instead, the court accepted that assumption for the purpose of deciding the case." *Id. See United States v. Garth*, 965 F.3d 493, 497 (6th Cir. 2020) ("Of course, *Havis* did say delivery covers attempted delivery. But that was because of the parties' agreement. Were we to extend that agreement, strange results would follow.").

under M.C.L. § 333.7401 for delivery/manufacturing a controlled substance. As explained by the Sixth Circuit, "[t]here is no meaningful difference between the federal offense of distribution and the Michigan offense of delivery." *Thomas*, 969 F.3d at 585. Michigan law defines "delivery" as "the actual, constructive, or attempted transfer" of a controlled substance. M.C.L. § 333.7105. The least culpable conduct under the Michigan statute is "attempted transfer"—the definition does not include "attempted delivery." However, "attempted transfer" is not an attempt crime because the Sixth Circuit has determined that "an attempted transfer qualifies as a completed delivery." *Id.* (referencing *U.S. v. Garth*, 965 F.3d 493, 497 (6th Cir. 2020). The Michigan controlled substances statute does not include an attempt crime. Therefore, Petitioner's two convictions under the Michigan statute qualify as "controlled substance offenses" for the purpose of career enhancement. *See United States v. Woods*, Case No. 18-20704, 2020 WL 7056046 (E.D. Mich. Dec. 2, 2020).

In sum, Petitioner's previous convictions were controlled substance offenses under § 4B1.2. Under §2K2.1(a)(2), the proper base offense level was twenty-four because Petitioner had prior convictions for two controlled substance offenses. Therefore, because Petitioner's base offense level was correctly calculated, counsel's performance was not deficient for failing to object. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013) ("Omitting meritless arguments is neither professionally

unreasonable nor prejudicial").

Petitioner also argues that his counsel was ineffective and deficient for failing to object to the career offender enhancement due to the decision in *Havis*. The final PSR report adjusted Petitioner's offense level to thirty-seven because he was designated as a career offender. For the same reason that Petitioner objected to a base offense level of twenty-four, he objects to the career offender designation—because he contends it was based on attempt crimes that do not qualify as controlled substance offenses.

But because Court did not impose the career offender enhancement at sentencing, ECF No. 59, PageID.355, Petitioner's claim must fail. Petitioner was not sentenced as a career offender, and he is therefore unable to show that he suffered any prejudice.

However, even had Petitioner been sentenced as a career offender, his claim would still fail. Under 4B1.1(b)(1), a defendant is classified as a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;
>
> (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and
>
> (3) the defendant has at least two prior felony convictions of either a crime of violence or a *controlled substance offense*.

§ 4B1.1 (emphasis added). A "controlled substance offense" is defined in § 4B1.2. *See* § 4B1.1, cmt. n.1. This is the same section and definition

utilized for a determining the meaning of a "controlled substance offense" under § 2K2.1(a)(2). Just as the Court determined in the above analysis, Petitioner's previous convictions under Michigan law qualify as "controlled substance offenses" because the statute does not include attempt crimes and the least culpable offense under the law is covered by the definition in the Guidelines. *See Thomas*, 969 F.3d at 585. Because Petitioner's previous convictions under Michigan law are controlled substance offenses and could be utilized for the purpose of career offender enhancement under § 4B1.1, Petitioner is again unable to demonstrate any prejudice since a career-offender enhancement would have been proper. *See Coley*, 706 F.3d at 752 (6th Cir. 2013). Thus, Petitioner's ineffectiveness claim fails under *Strickland*.

In sum, Petitioner's previous convictions qualify as "controlled substances offenses" for both the purpose of calculating the base offense level under § 2K2.1(a)(2) and career-offender enhancement under § 4B1.1(b)(1). Because the previous convictions qualify, the Court's calculation of Petitioner's base level offense as twenty-four was proper. Had the Court chosen to apply the career-offender enhancement, it too would have been proper.

## CONCLUSION

For these reasons, the Court hereby **DENIES** Petitioner's motion to vacate sentence under 28 U.S.C. § 2255 (ECF No. 54). The Court further **DENIES** a certificate of appealability because Petitioner has

failed to make a substantial showing of the denial of a constitutional right as to his claims. *See* 28 U.S.C. § 2253(c)(2) (mandating that a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."). However, the Court **GRANTS** permission to appeal in forma pauperis because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

**SO ORDERED.**

Dated: December 30, 2020     s/Terrence G. Berg
                             TERRENCE G. BERG
                             UNITED STATES DISTRICT JUDGE