UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

v.

ANTHONY EDWARDS

Case No.  2:17-CR-20338-TGB-RSW

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified,

        a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐    There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of

☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

    ☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)
See attached addendum.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

    IT IS SO ORDERED.

:

                                                s/Terrence G. Berg
                                                UNITED STATES DISTRICT JUDGE

Dated:  May 25, 2022

The Government concedes that Edwards has exhausted his administrative remedies. Resp., ECF No. 83, PageID.876. The Court must now consider whether extraordinary and compelling reasons warrant a reduction in Mr. Edwards' sentence, whether Mr. Edwards would pose a danger to the community if released, and whether a sentence reduction would be consistent with the factors set out in 18 U.S.C. § 3553(a).

As for extraordinary and compelling reasons, the Government concedes that Mr. Edwards suffers from at least two medical conditions which put him at increased risk of a severe COVID-19 infection: severe obesity (Mr. Edwards has a Body Mass Index of 49) and a history of asthma. The Government concedes that these conditions may "technically qualify" as extraordinary and compelling reasons justifying release. ECF No. 83, PageID.887. Nevertheless, the Government contends that other reasons weigh against Mr. Edwards' release.

Having reviewed the record, including Edwards' supplemental filing and the appended medical records, ECF Nos. 86, 87, the Court concludes that several factors militate against release. First, Mr. Edwards has already been infected with COVID-19, and as a result of that illness required neither hospitalization nor extensive medical care during his recovery. This does not mean that Mr. Edwards's motion must fail, however, because reinfection with COVID-19 remains possible and the Sixth Circuit has held that compassionate release is not *per se* unavailable to a defendant who has recovered from COVID-19, *see United States v. Jones*, No. 21-1232, 2021 WL 5918305 at *2-3 (6th Cir. Sept. 23, 2021). At the same time, several courts in this district have recognized that the prospect of severe illness as a result of COVID-19 reinfection is unlikely and that such a possibility will not ordinarily justify compassionate release. *United States v. Johnson*, No. 11-20493, 2021 WL 822495, at *3 (E.D. Mich. Mar. 4, 2021)(relying on CDC guidance to conclude that the "low risk of reinfection" does not justify release and collecting cases); *United States v. Humphrey*, No. 2:15-CR-20329-4, 2021 WL 1422765 at *2 (E.D. Mich. Apr. 15, 2021)(reaching same conclusion

after considering research from the National Institutes of Health and collecting cases).

Second, in addition to having recovered from COVID-19, Defendant Edwards has been vaccinated against the virus. Repl., ECF No. 85, PageID.912-13. The Sixth Circuit has explained that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). To be sure, Edwards suffers from obesity and asthma, two conditions that are known to increase the risk of serious COVID-19 infection. And Edwards' medical records show that he has reported increased difficulty breathing after his bout with COVID-19—although the most recent medical records state that "his breathing is better," and describe an "unremarkable" chest X-ray, Edwards reports that he still has to use an inhaler twice per day. Medical Records, ECF No. 87, PageID.929. However, the Sixth Circuit and other courts in this district have explained that, in light of the availability of the COVID-19 vaccine, such conditions may not warrant compassionate release. *See, e.g.*, *United States v. Knight*, No. 21-2781, 2022 U.S. App. LEXIS 479 at *2-4 (6th Cir. Jan. 6, 2022)(petitioner who suffered asthma, obesity, pre-diabetes, and other conditions did not present extraordinary and compelling reasons justifying release given availability of vaccine). In one particularly similar case, the Sixth Circuit concluded that COVID-19 reinfection risk was not an extraordinary and compelling circumstance for a petitioner with obesity, diabetes, asthma, and other conditions because she had been both vaccinated against COVID-19 and previously infected with COVID-19, even though that petitioner "required the use of an inhaler four times per day rather than twice per day" after her initial infection with the virus. *United States v. Boblett*, No. 21-5537, 2021 U.S. App. LEXIS 31128 at *6-7 (6th Cir. Oct. 15, 2021).

Other courts in this district have reached the same result. See *United States v. Cotton-Jones*, No. 19-20232, 2022 WL 1213107 at *4 (E.D. Mich. Apr. 25, 2022)(denying compassionate release where petitioner suffered hypertension, diabetes, and obesity, and collecting

cases); *United States v. Ward*, No. 16-CR-20632, 2022 WL 73042 at *2-3 (E.D. Mich. Jan. 7, 2022)(petitioner did not present extraordinary and compelling reasons justifying release where he was obese and suffered sleep apnea but had been fully vaccinated against COVID-19 and already been infected with the virus). Petitioner is not elderly, has been vaccinated against COVID-19, and has already been infected with the virus once. Petitioner's medical conditions are being monitored, and he is under the regular care of medical professionals. In sum, Mr. Edwards' health conditions likely do not present extraordinary and compelling reasons justifying a sentence reduction.

Moreover, even if Edwards were able to articulate extraordinary and compelling reasons, the Court must nevertheless consider the § 3553(a) factors, and here those factors counsel against release. Mr. Edwards has an extensive criminal history which includes convictions for theft, assault with a dangerous weapon, domestic violence, numerous drug crimes, and several gun crimes including the discharge of a firearm in a building. The shorter sentences he received in the past were not sufficient to deter Mr. Edwards from committing further crimes. While incarcerated, Mr. Edwards has received at least one disciplinary infraction for fighting another inmate in December, 2019.

The facts of the instant offense also counsel against release. The offense was committed while Mr. Edwards was on parole. During a parole check of his home, officers discovered drugs, guns, ammunition, fraudulent licenses and social security cards, and drug dealing paraphernalia. The fact that Mr. Edwards committed the underlying offense while subject to penal supervision demonstrates the need for a sentence that will be an adequate deterrent to Mr. Edwards as well as to others. The Court also notes that Mr. Edwards' 104-month sentence represented a significant downward departure from the applicable guideline range of 180 months. A further reduction would thus be inconsistent with the goals of sentencing, including those of promoting respect for law and protecting society.

In light of all the factors described above, a reduction to time served would neither adequately reflect the serious nature and circumstances of

Mr. Edwards' crime, nor afford the kind of deterrence necessary to discourage the commission of additional crimes.

Having considered all of the relevant factors, early release is not appropriate.